UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLOBAL FREIGHT, INC,

Plaintiff/Counter-Defendant,        Case No. 21-11337

v.        Hon. Anthony P. Patti

TREMELL SISSON,

Defendant/Counter-Plaintiff.
_____/

## ORDER GRANTING PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO COMPEL RESPONSES TO REQUESTS TO PRODUCE AS UNOPPOSED (ECF No. 16)

Plaintiff/Counter-Defendant Global Freight, Inc. (Global) has filed a motion to compel responses to it requests for production of documents, which were served upon Defendant/Counter-Plaintiff Tremell Sisson on August 11, 2021. (ECF No. 16, 16-7.) Sisson did not provide responses to the document requests until November 5, 2021, which was significantly beyond the 30 day deadline set by the rules. *See* Fed. R. Civ. P. 34(b)(2)(A) (party to whom request for production is made must respond in writing within 30 days of service of the request). Many of the responses were simply objections, including boilerplate objections, and others promised supplementation which never arrived or action which never occurred. (ECF No. 16-8.) As a result, on January 14, 2022, Global filed the instant motion

to compel. Sisson has failed to file a response, which would have been due by January 28, 2022. Since this matter was set for hearing on March 1, 2022, pursuant to my Practice Guidelines, Global filed its portion of a joint list of unresolved issues (ECF No. 19); however, Sisson has not fulfilled its obligation to contribute toward the joint list of unresolved issues. Accordingly, the Court **deems the motion as unopposed** and the hearing set for March 1, 2022 is **hereby canceled**. Because Sisson's responses to the requests to produce at issue were not served in a timely fashion, and no stipulated extension or other explanation has been provided to the Court for their tardiness, the objections therein are hereby **deemed waived**, and are accordingly **overruled as untimely**. *Lairy v. Detroit Med. Ctr.*, No. 12-11668, 2012 U.S. Dist. LEXIS 152972, 2012 WL 5268706, at *1 (E.D. Mich. Oct. 23, 2012) ("As a general rule, failure to respond to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection.") (quoting *Carfagno v. Jackson Nat'l Life Ins.*, No. 99-118, 2001 U.S. Dist. LEXIS 1768, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001)). Sisson is **hereby ordered** to provide full and complete responses to these production requests, along with copies of the documents requested, on or before **March 14, 2022**, without objection and without promises of production at some future date.

Moreover, pursuant to Fed. R. Civ. P. 37(a)(5)(A), with only limited exceptions, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (Emphasis added). If Global wishes to pursue an award of its reasonable expenses and/or attorney's fees in connection with its preparation of this motion, it must consult my Practice Guidelines for discovery motions and file a sworn bill of costs and any supporting documentation on or before **March 21, 2022**. Sisson shall have until **March 30, 2022** to file its objections. Should any objection be filed, it must explain who bears responsibility for the failure to comply with Sisson's discovery obligations, so that the Court can determine whether it was Sisson's conduct that necessitated the motion or his attorney's, or both.

Finally, Sisson is **hereby warned** that failure to comply with this order may result in sanctions under Fed. R. Civ. P. 37(b)(2), up to and including having the Court render default judgment against him.

It is **SO ORDERED.**

February 28, 2022

_____
Anthony P. Patti
United States Magistrate Judge